## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TODD JEUDE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cv-989-MTS |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court on multiple motions and letters of correspondence from self-represented Plaintiff Todd Jeude regarding discovery in this case.  *See* Docs. 6, 8-9, 12-16, 17.  Because the Court finds these requests to be premature at this time, they will be denied without prejudice.

Plaintiff requests subpoenas for medical records from two non-defendant hospitals and a non-defendant county detention center, and for documents from a named defendant regarding the names of employees.  Docs. 6, 8-9, 12.  He also asks the Court to appoint a medical expert "to determine the detrimental effects of his alleged delay in medical treatment."  Doc. 13.  Finally, Plaintiff asks the Court to "Proceed with Limited Discovery Prior to Rule 16 Conference," which is basically a request to serve an interrogatory on a named defendant.  Doc. 17.  Plaintiff has also filed multiple letters with the Court asking about the issuance of his subpoenas.  Docs. 15-16.

Plaintiff's motion to proceed *in forma pauperis* is still pending before this Court.  Doc. 2.  If the Court grants that motion, the Court must review Plaintiff's pleadings under 28 U.S.C. § 1915(e)(2) to determine if Plaintiff's allegations are frivolous or malicious; fail to state a claim upon which relief can be granted; or seek monetary relief against a defendant who is immune from such relief.  Until such review is complete, no summons will issue against any named defendant.

Plaintiff's attempt to engage in discovery at this stage of the litigation is premature.  As no defendant has filed a responsive pleading, and no Case Management Order has been entered by the Court to establish discovery deadlines, it is too early for issuance of subpoenas, appointment of medical experts, or allowance of any limited discovery.  *See Potter v. Echele*, No. 4:18-CV-148 CDP, 2018 WL 3861357, at *3 (E.D. Mo. Aug. 14, 2018) ("discovery in prisoner cases may not take place until the Court enters a case management order") (*citing* E.D. Mo. L.R. 5.01, 5.04). Any requests for subpoenas, the production of documents, or the appointment of medical experts must be made within the confines of the Case Management Order.

**Assuming the Court finds Plaintiff's allegations to survive initial review under 28 U.S.C. § 1915(e)(2), Plaintiff may refile his requests (in compliance with the requirements of the court rules), after defendants have filed their responsive pleadings and the Court has issued a Case Management Order.**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions for subpoenas, [Docs. 6, 8, & 12], are **DENIED without prejudice** as premature.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint expert witness, [Doc. 13], is **DENIED without prejudice** as premature.

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed with limited discovery prior to Rule 16 conference, [Doc. 17], is **DENIED without prejudice** as premature.

Dated this 27th day of December, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE