UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD JEUDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22-cv-00989-MTS |
| | ) |
| CITY OF ST. LOUIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. Over six weeks ago, on July 10, 2023, Defendants Adrian Barnes and the City of St. Louis filed a Joint Motion to Dismiss the claims against them in Plaintiff Todd Jeude's Second Amended Complaint. Doc. [43]. Plaintiff failed to oppose that Motion. *See* E.D. Mo. L.R. 4.01(B). Instead of immediately granting Defendants Barnes and the City of St. Louis's unopposed Joint Motion to Dismiss, the Court, on August 04, 2023, entered an Order to Show Cause directing Plaintiff to show cause within fourteen days "why the Court should not grant the unopposed Motion to Dismiss." Doc. [45]. In the Order, the Court admonished Plaintiff that the "[f]ailure to show cause w[ould] result in the Court granting the Motion" to Dismiss, thereby dismissing this action as to those two Defendants "without further notice." *Id.* at 2.

Since that Order's issuance, Plaintiff has submitted only one thing, a "request to 'stay' the proceedings of this cause" for sixty days. Doc. [46] (capitalization altered); *accord* Doc. [47]. Plaintiff explained that he will be released from custody on September 02, 2023, and after release will be "in a better position to obtain his records and files," "investigate," and "diligently prepare and conclude this litigation at that time." Doc. [47] at 1–2.

Plaintiff's filing did not show cause why the Court should not grant the Motion to Dismiss. To date, Plaintiff has filed nothing that argues why, or even states that, Defendants Barnes and the City of St. Louis are not entitled to dismissal as they maintain in their Motion filed more than forty-five days ago.

The Court has no doubt that litigating an action while incarcerated is more difficult than litigating one while at liberty. But Plaintiff chose to file his action when he did. *See Stewart v. White*, 4:21-cv-00007-JAR, 2021 WL 2580576, at *3 (E.D. Mo. June 22, 2021) (discussing the five-year statute of limitations for claims arising in Missouri under 42 U.S.C. § 1983). His status as a self-represented litigant or as an incarcerated individual does not relieve him from the requirement to follow the Federal Rules of Civil Procedure or this Court's Local Rules. *See Moore v. Mo. State*, 4:20-cv-00377-SRC, 2020 WL 2556907, at *2 (E.D. Mo. May 20, 2020) ("Even self-represented litigants are obligated to abide by these Rules.").* Nor does Plaintiff's impending release from custody allow him to decline to prosecute this action until he is released. Plaintiff assuredly is aware of these requirements; a review of the Court's docket shows Plaintiff has continued to actively litigate a different action he has in this Court, submitting filings in that action that were docketed June 29, July 05, August 03, August 09, and August 14. *See Jeude v. Ste. Genevieve Mem'l Hosp.*, 1:22-cv-00151-SNLJ (E.D. Mo.).

---

* Previously, Plaintiff failed to update his address with the Court, in violation of Local Rule 2.06(B), which resulted in mail sent to Plaintiff being returned to the Court as undeliverable. *See* Docs. [34], [35]. Pursuant to that Rule, the Court could have, "without further notice, dismiss[ed] the action." E.D. Mo. L.R. 2.06(B). Because Plaintiff was incarcerated, the Clerk of Court was able to locate his updated address from the Bureau of Prisons and updated Plaintiff's address accordingly. *Cf.* Fed. R. Civ. P. 1 (providing that the court and the parties should "construe[], administer[], and employ[]" the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Defendants Adrian Barnes and the City of St. Louis served their Motion upon Plaintiff via his updated address. *See* Doc. [43] at 2. Nevertheless, Plaintiff still failed to oppose it.

- 3 -

## CONCLUSION

Since, in this action, Plaintiff still has not opposed Defendants Barnes and the City of St. Louis's Joint Motion to Dismiss and has failed to show cause why the Court should not grant the unopposed Motion, the Court will grant it and dismiss this action as to those Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Adrian Barnes and the City of St. Louis's unopposed Joint Motion to Dismiss, Doc. [43], is **GRANTED**.  A separate Order of Partial Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay this action, Doc. [46], is **DENIED**.

Dated this 25th day of August 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE